Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA PADILLA, an individual;<br><br>Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A., a national banking association; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:23-cv-01760<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Veronica Padilla ("Plaintiff"), by and through the undersigned counsel of record, and for the claims for relief against Defendants, Bank of America, N.A. ("BANA") and Trans Union LLC ("Trans Union") (collectively referred to as "Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. BANA is a national banking association doing business in the State of Nevada.

8. BANA regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

10. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. Plaintiff incurred unsecured consumer credit card accounts with BANA, under Account #4400XXXX, Account #5466XXXX, and Account #5490XXXX, on (the "Accounts").

15. On August 7, 2021, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Nevada, under Case No.: 21-13915-mkn (the "Bankruptcy").

16. On August 7, 2021, Plaintiff filed a Summary of Assets and Liabilities in the Bankruptcy (the "Summary").

17. Plaintiff listed the Accounts in the Summary.

18. BANA was notified of the Bankruptcy and Summary.

19. On November 1, 2021, Plaintiff received an Order of Discharge from the Bankruptcy Court, which discharged Plaintiff's personal liability for the Accounts, among others.

20. In February 2022, Plaintiff obtained a copy of her Trans Union credit report and became aware that Defendants were reporting inaccurate information concerning the Accounts.

21. Defendants fail to include a notation that the Accounts were included in the Bankruptcy and discharged.

22. The Accounts should report as "Closed" with a $0 balance and "Discharged through Chapter 7 Bankruptcy."

23. Instead, Defendants show the Accounts are "charged off" and that the "Account relationship [is] terminated."

24. In February and April 2022, Plaintiff disputed the accuracy of the Accounts to Trans Union in writing.

25. Plaintiff's disputes list the inaccuracies referenced above and demand correction.

26. On information and belief, after receiving the disputes from Plaintiff, Trans Union communicated Plaintiff's disputes to BANA.

27. Despite proper notice of the disputes, Defendants failed to conduct a reasonable reinvestigation under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profile.

28. Defendants failed to fully correct the inaccuracies in Plaintiff's credit reports within thirty (30) days of receipt of Plaintiff's disputes.

29. Trans Union failed to provide the results of any reinvestigation to Plaintiff.

30. Defendants also failed to report that Plaintiff disputes the accuracy of the credit reporting.

31. Upon receiving notice of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed accounts' information on Plaintiff's credit reports.

32. In the alternative, Defendants failed to conduct a lawful investigation of the disputed Accounts on Plaintiff's credit report.

33. Defendants failed to investigate Public Access to Court Electronic Records (PACER) in response to Plaintiff's Dispute.

34. In failing to correct the credit errors, Defendants continue to report inaccurate information in violation of the FCRA.

35. In failing to correct the credit errors, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

36. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

37. Defendants' erroneous reporting has caused Plaintiff to experience delays in seeking consumer loans.

## FIRST CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681e(b) against Trans Union]

38. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

39. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

40. As a direct and proximate result of this conduct, action, and inaction of Trans Union Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

41. Trans Union's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

42. In the alternative, Trans Union was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

43. As a direct and proximate result of the above-referenced violations by Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

44. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

45. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

46. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681i against Trans Union]

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to BANA, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

49. Trans Union further violated 15 U.S.C. § 1681i by failing to report that Plaintiff disputes the validity of the credit reporting associated with the Accounts.

50. Trans Union failed to provide Plaintiff with the results of any reinvestigation of the disputes referenced herein, thus violating its obligation to do so under 15 U.S.C. § 1681i(a)(6).

51. As a direct and proximate result of this conduct by Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

52.     Trans Union's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

53.     Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

54.     Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

55.     Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against BANA]**

56.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57.     BANA violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit file with Trans Union; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Trans Union accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

58.     As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

59.     BANA's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

60.     In the alternative, BANA was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61. As a direct and proximate result of the above-referenced violations by BANA, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

62. Plaintiff is entitled to recover costs and attorneys' fees from BANA in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

63. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

64. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: October 30, 2023

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***